

KYH
LNE/AL: USAO 2026R00054

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ABA-26-244 |
| | * | |
| LUTHER AMOS, | * | (Conspiracy to Distribute and Possess |
| ANTOINE BENJAMIN, | * | with the Intent to Distribute Controlled |
| WENDELL BOYKINS JR., | * | Substances, 21 U.S.C. § 846; Possession |
| a/k/a "WENNY," a/k/a "WENNDUG," | * | with the Intent to Distribute Controlled |
| DAVON BROWN, | * | Substances, 21 U.S.C. § 841(a)(1) and |
| a/k/a "TREY," | * | (b)(1)(C); Aiding & Abetting, 18 U.S.C. |
| ZY'QUIN COLEMAN, | * | § 2; Forfeiture, 21 U.S.C. § 853) |
| XAVIER COOPER, | * | |
| a/k/a "SMOOVE," | * | UNDER SEAL |
| ANTONIO CURTIS, | * | |
| WALTER EPPS, | * | |
| KEITH FRYSON, | * | |
| JAMES KEENE, | * | |
| ANTONIO MASON, | * | |
| MIAYON MEDLEY, | * | |
| GREGORY ALEXANDER PARTLOW, | * | |
| a/k/a "G," and | * | |
| DARIEN WHITAKER, | * | |
| | * | |
| Defendants. | * | |
| | ******* | |

## INDICTMENT

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

Beginning on or about December 15, 2025 and continuing until on or about the date of this

Indictment, in the District of Maryland, the Defendants,

**LUTHER AMOS,**
**ANTOINE BENJAMIN,**

**WENDELL BOYKINS JR.,**
a/k/a "WENNY", a/k/a "WENNDUG"
**DAVON BROWN,**
a/k/a "TREY"
**ZY'QUIN COLEMAN,**
**XAVIER COOPER,**
a/k/a "SMOOVE",
**ANTONIO CURTIS,**
**WALTER EPPS,**
**KEITH FRYSON,**
**JAMES KEENE,**
**ANTONIO MASON,**
**MIAYON MEDLEY,**
**GREGORY ALEXANDER PARTLOW,**
a/k/a "G,"
**DARIEN WHITAKER,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means used to accomplish the objectives of the drug trafficking organization's ("DTO") conspiracy included, among others, the following:

1.    It was part of the conspiracy that the Defendants operated multiple "street shops," open-air markets where the Defendants and their associates sold narcotics, including fentanyl, heroin, and cocaine base ("crack" cocaine) in Baltimore, Maryland.   The street shops operated in

2

1800 block of North Carey Street (the "Carey Shop"), and another operated primarily in 1800 block of Woodyear Street (the "Woodyear Shop").

2.     It was further part of the conspiracy that **EPPS** was one of the overseers of the street shops, working alongside others who filled supervisory roles, such as **AMOS**, **BOYKINS**, **BROWN**, **CURTIS**, **KEENE**, **MEDLEY**, and **PARTLOW**.   **EPPS** and the other supervisors would coordinate drug sales through his subordinates, resupply subordinates with drugs when needed, take and count money from subordinates after sales, and conduct sales themselves.

3.     It was further part of the conspiracy that the Defendants used multiple "stash" locations to store their drugs for sale, including outdoor "ground stash" locations for immediate resupply and residences, such as **AMOS**'s residence and other residences in the nearby area, that were used to hold larger quantities of narcotics.

4.     It was further part of the conspiracy that **AMOS**, **BENJAMIN**, **BOYKINS**, **BROWN**, **COLEMAN**, **COOPER**, **CURTIS**, **EPPS**, **FRYSON**, **KEENE**, **MASON**, **MEDLEY**, **PARTLOW**, **WHITAKER**, and others conducted drug sales with customers—in some instances, not knowing that the "customer" was actually a confidential informant or undercover investigator—who ordered larger distribution-level quantities of fentanyl, heroin, and/or crack cocaine.

5.     It was further part of the conspiracy that the Defendants conducted sales of drugs that had been packaged for use—*i.e.* in single-dose vials or capsules—and sales of drugs that were in an unpackaged "raw" form.

6.     It was further part of the conspiracy that the Defendants conducted such sales on a daily basis over the course of the conspiracy.

3

21 U.S.C. § 846
21 U.S.C. § 841(b)(1)(C)

## COUNT TWO
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about January 28, 2026, in the District of Maryland, the Defendants,

**WENDELL BOYKINS**
**a/k/a "WENNY", a/k/a "WENNDUG", and**
**DAVON BROWN,**
**a/k/a "TREY,"**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

<u>**COUNT THREE**</u>
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about February 4, 2026, in the District of Maryland, the Defendants,

**XAVIER COOPER,**
**a/k/a "SMOOVE,"**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

6

## COUNT FOUR
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about March 26, 2026, in the District of Maryland, the Defendants,

**DAVON BROWN,**
**a/k/a "TREY," and**
**WALTER EPPS,**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT FIVE
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about March 26, 2026, in the District of Maryland, the Defendants,

**ANTOINE BENJAMIN and
WALTER EPPS,**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

8

KYH

## COUNT SIX
### (Distribution and Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about April 15, 2026, in the District of Maryland, the Defendant,

**DAVON BROWN,**
**a/k/a "TREY,"**
**WALTER EPPS,**
**MIAYON MEDLEY, and**
**DARIEN WHITAKER**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

<u>**COUNT SEVEN**</u>
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2026, in the District of Maryland, the Defendants,

**ANTONIO CURTIS,**
**WALTER EPPS, and**
**DARIEN WHITAKER,**

did knowingly and intentionally distribute and possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

## COUNT EIGHT
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about May 12, 2026, in the District of Maryland, the Defendants,

**DAVON BROWN**
**a/k/a "TREY,"**
**ZY'QUIN COLEMAN, and**
**MIAYON MEDLEY,**

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

11

KYH

## COUNT NINE
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about May 13, 2026, in the District of Maryland, the Defendants,

**WALTER EPPS,
MIAYON MEDLEY, and
DARIEN WHITAKER,**

did knowingly and intentionally distribute and possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

## COUNT TEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about May 26, 2026, in the District of Maryland, the Defendants,

**WALTER EPPS and
MIAYON MEDLEY,**

did knowingly and intentionally distribute and possess with the intent to distribute 40 grams or

more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-

4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(B)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the Defendants' convictions under Counts One through Ten of this Indictment.

### Narcotics Forfeiture

2.    Pursuant to 21 U.S.C. § 853(a), upon conviction of any offenses in violation of the Controlled Substances Act, as alleged in Counts One through Ten, incorporated here, the Defendants convicted of such offense(s) shall forfeit to the United States of America:

      a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

      b.  any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Property Subject to Forfeiture

3.    The property to be forfeited includes, but is not limited to, the following: a forfeiture money judgment in the amount of proceeds each Defendant obtained as a result of Counts One through Ten.

### Substitute Assets

4.    If any of the property described above, as a result of any act or omission of any Defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

14

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

5. the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

Kelly O. Hayes    APL/LNE
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

7/22/26

Date

15